IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:18-cr-00141-MR-WCM-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> FRANK MICHAEL LUCAS, ) <br> ) <br> Defendant. ) <br> _____ ) | ORDER |

**THIS MATTER** is before the Court on the Defendant's Motion to Seal [Doc. 33].

The Defendant is serving a 160-month sentence for possession with intent to distribute 500 grams or more of a mixture containing methamphetamine. [Doc. 26]. He has now filed a Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) and a Motion to Seal the same. [Docs. 32, 33].

There is a "presumption under applicable common law and the First Amendment that materials filed in this Court will be filed unsealed." LCvR 6.1(a); LCrR 49.1.1(a); see Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988) (First Amendment right to access to court

proceedings includes criminal and civil cases). However, a court has authority to seal documents before it based upon the court's inherent supervisory authority over its own files and records. See Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598 (1978). The denial of access to documents under the First Amendment must be necessitated by a compelling government interest that is narrowly tailored to serve that interest. See In re Washington Post Co., 807 F.2d 383, 390 (4th Cir. 1986); In re State-Record Co., Inc., 917 F.2d 124, 127 (4th Cir. 1990). Before sealing judicial records, a court must identify the interest that overrides the public's right to an open court, and articulate supporting findings specific enough that a reviewing court can determine whether the order was properly entered. See Press–Enterprise Co. v. Superior Ct. of Ca., 464 U.S. 501, 510 (1984); LCvR 6.1. When addressing motions to seal, the Court must consider alternatives to sealing and specify whether the sealing is temporary or permanent and also may redact such orders in its discretion. LCvR 6.1.

In support of his Motion to Seal, the Defendant argues that the information contained in his Motion for Compassionate Release and the exhibits thereto contain information of a particularly sensitive nature.

2

The Court has reviewed the Motion for Compassionate Release and finds that this document contains sensitive information that should not be publicly available. Additionally, the Court has reviewed the exhibits attached to the Defendant's Motion and finds that Exhibits A and B also contain sensitive information that should be restricted from public access.[1] The Court has considered alternatives to sealing these documents and it finds that the privacy and/or security concerns for the Defendant and his family members override the public's right to an open court in this instance; that there is no alternative that will adequately address these concerns; and that permanently sealing the Motion for Compassionate Release is warranted. Accordingly, the Motion to Seal will be granted, and the Clerk of Court will be directed to place the Motion for Compassionate Release and Exhibits A and B under seal.[2] A redacted version of the Defendant's Motion for Compassionate Release and Exhibit A thereto will be made available on the public docket. The Defendant's Motion to Seal is denied insofar as he seeks to seal information regarding his location within the Bureau of Prisons, as

---

[1] Exhibit C to the Defendant's Motion contains a list of the courses that he has completed and copies of certificates that he has received while in BOP custody. [Doc. 32-3]. These documents do not contain any sensitive information and do not require any restriction from public access.

[2] The United States' time to respond has not expired. See LCvR 6.1(e) ("Where the Court acts before the response, any party … may move to unseal at any time").

such information is already publicly available on the federal Bureau of Prisons website.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Seal [Doc. 33] is **GRANTED IN PART** and **DENIED IN PART**. Specifically, the Motion to Seal is **GRANTED** with respect to the Defendant's Motion for Compassionate Release and Exhibits A and B thereto [Docs. 32, 32-1, 32-2], and the Clerk of Court is respectfully directed to place such documents under seal until further Order of this Court. The Defendant's Motion to Seal is **DENIED** insofar as he seeks to seal Exhibit C to his motion or to seal any information regarding his prison location, as that information is already publicly available on the federal Bureau of Prisons website.

The Clerk of Court is respectfully directed to place redacted versions of the Defendant's Motion for Compassionate Release and Exhibit A thereto on the public docket.

**IT IS SO ORDERED**.

Signed: August 5, 2024

_____
Martin Reidinger
Chief United States District Judge